UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAISY LYNNE MEADOWS,

Plaintiff,

v.

CURTIS RIGNEY, *et al.*,

Defendants.

Case No. 3:25-cv-00515-MMD-CSD

SCREENING ORDER

## I.    SUMMARY

In screening Plaintiff Daisy Meadows's initial complaint, the Court dismissed that pleading because it did not comply with Federal Rules of Civil Procedure 8, 10, 18, and 20, among other things. (ECF No. 17.) The Court gave Plaintiff until January 2, 2026, to file an amended complaint if she wished to do so. (*Id.* at 17.) On Plaintiff's motion, the Court extended that deadline to February 13, 2026. (ECF Nos. 21, 22.) Plaintiff timely filed her First Amended Complaint ("FAC"). (ECF No. 23.) The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A.

## II.    SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United

States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (cleaned up). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of the claim's elements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*

2

*v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.    SCREENING OF FAC

The Court explained in its prior screening order that it was difficult to understand the nature of this action because Plaintiff's initial complaint "contains many pages of vague and generalized allegations" and meandering passages about her religious beliefs. (ECF No. 17 at 3–4.) The Court explained why the initial complaint did not comply with Rules 8, 10, 18, and 20. (*Id.* at 5–7.) It expressly instructed that Plaintiff needed to "allege facts to show what each defendant did to violate her rights without reference to legal authority or argument or any attached exhibits or affidavits" in order to state any claim for relief. (*Id.* at 7.) The Court explained that the purpose of a complaint is to tell the story of the case by narrating the facts of what did or did not happen to the plaintiff and then outlining the legal claims that the plaintiff has against each defendant based on those facts. (*Id.*) And it provided the legal standards for Plaintiff's possible claims. (*Id.* at 7–11.)

Plaintiff followed some of the Court's instructions: the FAC articulates that it brings two claims under the First Amendment, Plaintiff sues Christian Garcia and the State of

Nevada, and she seeks injunctive relief. (ECF No. 23.) But Plaintiff did not follow the Court's instruction to plead facts showing how each Defendant violated her civil rights. Rather, like Plaintiff's initial complaint, the FAC contains vague and generalized allegations about her religious beliefs without any facts to show what happened regarding her beliefs, who acted or failed to act regarding her beliefs, how they acted or failed to act, and how Plaintiff was damaged as a result. (*Id.* at 3–14.) Plaintiff's "nature of the case" section is emblematic of the lack of factual detail that plagues her entire FAC:

> Plaintiff a captive of a hostile state and government agency at Ely State Prison in the State of Nevada the defendants have and will continue to put the wellbeing, health safety and welfare of Plaintiff and of all people at unreasonable [illegible] to further deceive and lie covering there [sic] corruption to serve their own interests and that of its empire government Plaintiff brings forth this suit with the motive and intent to pursue justice threw [sic] the true law that will prevail in giving peace to all people who love truth and the father of it. Those who reject the true law pervert justice increase lawlessness furthering harm and festering division not unity and progression of a civil society or advancement of the world But is itself a self destructive system that ignores crimes being committed by the state actors under color of law including oppression. These violations only continue to increase and worsen.

(*Id.* at 2.)

The Court screens the FAC under the standards that it applied to Plaintiff's initial complaint, so it does not restate them here. (ECF No. 17 at 7–11.) Plaintiff fails to state a colorable First Amendment claim. The FAC does not articulate how Plaintiff's religious rights were violated or explain how either Defendant was personally involved in the violation. In fact, Plaintiff's claims have meandering, conclusory allegations that do not show how any of her federal rights were violated or how either Defendant was involved. That Plaintiff provided only broad and indeterminate allegations in the face of the Court's clear instruction demonstrates that she is unwilling or unable to plead facts showing how either Defendant violated her rights. The First Amendment claims are therefore dismissed without prejudice and without leave to amend.

**IV.    FILING FEE**

Plaintiff applied to proceed *in forma pauperis* in this action. (ECF No. 1.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full

filing fee for this action and thus grants her *in forma pauperis* application. This status does not relieve Plaintiff of paying the fee, it simply means that she may pay it in installments from her prison trust account.

## V.   CONCLUSION

It is therefore ordered that Plaintiff's First Amendment claims are dismissed without prejudice and without leave to amend.

It is further ordered that this action is dismissed without prejudice for failure to state a claim for relief.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further ordered that Plaintiff is permitted to maintain this action to conclusion without prepaying any additional fees or costs or giving security for them. Plaintiff will not be required to pay an initial installment of the filing fee. But even though this action is being dismissed, Plaintiff must still pay the full filing fee under 28 U.S.C. § 1915(b)(2).

It is further ordered that the Nevada Department of Corrections will forward payments from the account of Daisy L. Meadows, #1027585 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10) until the full $350 filing fee has been paid for this action.

The Clerk of Court is directed to (1) send a copy of this order to the Finance Division of the Clerk's Office and the attention of Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov; (2) close this case, and (3) enter judgment accordingly.

This Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 19th Day of February 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5